UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:

KATHLEEN MULDER,

                                    Debtor.

-----------------------------------------------------------------x

Case No. 810-74217-reg

Chapter 13

## MEMORANDUM DECISION

       Before the Court is the Debtor's motion to avoid a judicial lien pursuant to Section 522(f) of the Bankruptcy Code (the "Motion"). In a limited objection, the judgment lien creditor (the "Creditor") argues that, while the lien may be avoided under Section 522(f), the Debtor should not be permitted to have the lien expunged from the public records until such time as the Debtor is granted a discharge. The Creditor argues that to expunge the lien in the public records prior to entry of the discharge may severely prejudice its rights. The Debtor's position is that there is nothing in the Code which requires the Court to condition lien avoidance under Section 522(f) on a discharge in the case, and in fact such lien avoidance is both immediate and unconditional.

       The Court finds that the avoidance of a judicial lien pursuant to Section 522(f) of the Bankruptcy Code should not be made subject to the entry of a discharge. The words of the statute are clear. Section 522(f) allows a debtor to avoid judicial liens which impair the debtor's homestead exemption as long as the formula set forth in Section 522(f) is satisfied. There is nothing in the Code that conditions the benefits afforded to a Debtor under Section 522(f) upon the issuance of a discharge in the case. Nor does this Court find support for the notion that a condition precedent to Section 522(f) relief should be read into the Code in order to protect the

remedial purpose of Section 349.  Congress has provided remedies to the secured creditor to protect their interests in the event of dismissal of a bankruptcy case, and the Court will not expand those protections beyond those stated in the statute.

*Facts*

On June 2, 2010, Kathleen Mulder (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code.  At the time of the filing, the Debtor was the owner of real property located in Suffolk County (the "Property") valued at $255,000.  The Property was encumbered by a first mortgage in the amount of $212,951 and a second mortgage in the amount of $8,556.  There was approximately $33,000 of equity in the property on the filing date and the debtor qualifies for the $50,000 New York homestead exemption in accordance with Section 522(b)(3) and N.Y.C.P.L.R. 5206(a) (MCKINNEY 2010).

At the time of the filing, there was a judgment lien on the Property in the amount of $160,729 ("Judgment Lien").  The Judgment Lien filed with the County Clerk of Suffolk County on January 5, 2010 is held by Iris Kimberg, the Creditor, individually and on behalf of Alliance for Rehabilitation Services, O.T., P.T., R.N., S.L.P., PLLC.  On June 29, 2010, the Debtor filed a motion to avoid the Judgment Lien pursuant to Section 522(f).  On August 4, 2010, the Creditor filed a limited objection to the Debtor's Motion.  The Creditor's only objection is to the form of the proposed Order submitted by the Debtor, which includes language directing the Clerk of Suffolk County to immediately discharge and release the Judgment Lien.

There is no dispute as to whether the Debtor qualifies for the relief requested pursuant to Section 522(f).  Using the formula provided in Section 522(f)(2)(A), the sum of "all other liens"

on the property ($221,507) and the homestead exemption ($50,000) exceed the appraised value of the property ($255,000), and therefore the Judgment Lien impairs the exemption in its entirety. The sole issue for the Court is whether Section 522(f) lien avoidance is effective immediately or whether it must be conditioned upon the entry of a discharge in the case.

*Discussion*

Courts that have addressed this issue have expressed conflicting views as to when Section 522(f) lien avoidance is effective, and there is no binding caselaw in the Second Circuit on this issue. A majority of courts hold that lien avoidance under Section 522(f) is not effective until the Debtor obtains a discharge, and therefore condition Section 522(f) orders expunging liens on the issuance of a discharge.[1] *See In re Prince*, 236 B.R. 746 (Bankr. N.D. Okla. 1999); *In re Stroud*, 219 B.R. 388 (Bankr. M.D.N.C. 1997); *cf. In re Potter*, No. 00-10595, 2001 WL 36159722 (Bankr. D. Vt. Sept. 21, 2001). These courts find justification for doing so not in Section 522(f) itself, but rather in Section 349 of the Bankruptcy Code, which provides in pertinent part as follows:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case . . .
>
> (1) reinstates-- . . .
>
> (B) any transfer avoided under section 522 . . . of this title . . . .

11 U.S.C. § 349. Upon dismissal, Section 349 operates to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R. Rep. No. 95-595, at 338, 95th Cong., 1st Sess. (1977).

---

[1] Until challenged by the Debtor in this case, it was this Court's practice to condition Section 522(f) lien avoidance upon issuance of a discharge.

Section 349 automatically reinstates liens avoided by Section 522(f). Although Section 349 by its own terms only functions upon the dismissal of the case, courts have conditioned Section 522(f) lien avoidance upon a discharge in an attempt to preserve the function of Section 349 if the case should later be dismissed. *See In re Prince*, 236 B.R. at 750 (preventing entry of judicial lien avoidance in the records until discharge "in order to ensure that the operation of § 349(b)(1)(B) is not impaired"); *cf. In re Potter*, 2001 WL at *4 (holding mortgage lien avoidance shall not be entered into the real estate records until an order of discharge in order "to ensure that the operation of § 349(b)(1)(B) is not impaired and the subject property is not irreparably compromised during the pendency of this case"). When using Section 349 to condition Section 522(f) lien avoidance upon discharge, courts are reasoning implicitly that a discharge is the same as the lack of a dismissal for this purpose. Said another way, failure to get a discharge (which does not trigger Section 349) has been equated with a dismissal (which does trigger Section 349).

This Court finds no support in the Code to use Section 349 as a basis on which to condition Section 522(f) lien avoidance upon entry of a discharge. This position inappropriately assumes that failure to receive a discharge goes hand in hand with dismissal of a case. However, there are fact scenarios under which a case may be closed without a discharge but not "dismissed." For example, a debtor who is ineligible to receive a discharge, such as a debtor who has completed a chapter 7 within the previous 4 years, may nevertheless file a plan under chapter 13 and fully perform the plan in order to cure mortgage arrears. This debtor would be ineligible to receive a discharge, but if the debtor successfully completes the plan, then the case would be closed without a discharge or a dismissal. Therefore, Section 349 would not be

triggered and any liens avoided during such a case would not be restored. Another example is where a debtor does not obtain a personal financial management certificate, which would preclude the entry of a discharge but would not result in a dismissal. *See* 11 U.S.C. § 727(a)(11) (prohibiting courts from filing a discharge if a post-petition financial management certificate is not filed). Conditioning lien avoidance on a discharge in a case is contrary to the language of Section 349, which only comes into play when a case is dismissed, irrespective of whether or not a discharge is ultimately attained.

The Court also finds that Section 349 was not intended to function as a limitation on any section of the Bankruptcy Code while the case is pending. Section 349 attempts to undo certain relief granted during the bankruptcy case, but it only functions upon dismissal. Moreover, until dismissal the debtor must be allowed access to relief to which he is entitled under the Bankruptcy Code. Section 349 does not provide absolute protection to parties and was not intended to. It undoes the bankruptcy case only "as far as practicable." H.R. Rep. No. 95-595, at 338, 95th Cong., 1st Sess. (1977). The legislative history to Section 349 contemplates that in some cases it would be unable to fully restore the positions of all parties when it notes that the section "does not necessarily encompass undoing sales of property from the estate to a good faith purchaser." *Id.*

The minority view, as set forth in *In re Ferrante*, No. 09-13098, 2009 WL 2971306 (Bankr. D.N.J. Sept. 10, 2009), is that in the absence of any directive in Section 522(f) regarding the timing of lien avoidance, and in light of the statutory framework created by reading the relevant sections of the Code together, Section 522(f) lien avoidance cannot be made subject to any subsequent event. In *Ferrante*, a debtor owned real property that was encumbered by a

judgment lien which impaired the debtor's homestead exemption.  The debtor moved for Section 522(f) lien avoidance.  The debtor's proposed order allowed the debtor to avoid the lien immediately, and the creditor objected.  First, the court noted that Section 522(f) does not explicitly condition lien avoidance on a discharge.  Then, the *Ferrante* court looked at the statutory framework surrounding Section 522(f) to determine if conditioning Section 522(f) lien avoidance on discharge was appropriate.  To determine the statutory framework, the *Ferrante* court examined several sections of the Bankruptcy Code relating to exemptions.  The court noted that the Code allows a debtor to "prevent the distribution" of exempted assets and that exempted assets are "not liable *during* or after the case" for a debtor's pre-petition debt.[2]  *Id.* (emphasis added) (quoting 11 U.S.C. § 522(c)).  Additionally, the court noted that a debtor may use exempted property "as his own."  *Id.* at *4 (quoting *Hall v. Fin. One of Georgia, Inc. (In re Hall)*, 752 F.2d 582, 584 (11th Cir. 1985)).  Taken together, these sections indicated to the *Ferrante* court that lien avoidance must be immediate and cannot be conditioned upon a discharge.

The Court finds that the words of Section 522(f) are clear, and when reading a statute, if the meaning is clear, the analysis ends there.  *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000) ("Congress 'says in a statute what it means and means in a statute what it says there.'" (quoting *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 254 (1992))).  Pursuant to Section 522(f), when a judgment lien impairs an exemption, it is avoided upon motion of the debtor, and there is nothing in the Code that suggests that this relief is anything other than immediate.  If Congress had intended lien avoidance to be conditioned upon

---

[2] Section 522(c) does have an exception for secured liens, but this exception does not apply to liens avoided under Section 522(f) pursuant to Section 522(c)(2)(A)(i).

entry of a discharge, it could have easily drafted a statute which would accomplish this intent. Section 349 does act as a limitation on Section 522(f) lien avoidance, but is only effective upon dismissal and does not function to limit Section 522(f) relief before a dismissal occurs.

Courts which condition lien avoidance on the entry of a discharge perceive a weakness in the Code that could adversely affect judgment lienholders and attempt to address it by interpreting Section 349 as a limitation on Section 522(f) during the course of the bankruptcy case. While this Court shares a similar frustration with what appears to be drafting deficiencies of the Code, this Court is bound by the plain meaning of the statute.

### *Conclusion*

For all of the foregoing reasons, the Court will grant the Debtor's Motion and find that the Section 522(f) relief requested in the Motion will not be conditioned upon the entry of a discharge.

Dated:   Central Islip, NY
         October *26*, 2010

                                                        */s/Robert E. Grossman*
                                                        Hon. Robert E. Grossman
                                                        U.S.B.J.